IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN BACHMAN,                 )
            Plaintiff,     )
                 )
v.                      )
                 )
SANTANDER CONSUMER USA, INC., )   Civil Action No.:
                 )
         Defendant.    )
                 )

## NOTICE OF REMOVAL

**COMES NOW** Defendant Santander Consumer USA, Inc. ("Defendant"), by and through undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the Circuit Court for Pinellas County, Florida, to the United States District Court, Middle District of Florida, Tampa Division. In support thereof, Defendant states as follows:

### I. INTRODUCTION

1.     On or about October 13, 2012, Lynn Bachman ("Plaintiff") commenced this action by filing a complaint against Defendant in the Circuit Court for in the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 12011547CI. The Circuit Court for Pinellas County, Florida is a state court within this judicial district and division.

2.     In the Complaint, Plaintiff asserts two claims against Defendant based upon Defendant's alleged wrongful collection activity with regard to Plaintiff's automobile loan. (*See* Complaint, Ex. A, generally.)   Specifically, Plaintiff seeks damages arising from an alleged violation of the Florida Consumer Collection Practices Act ("FCCPA") and also an alleged violation of the Telephone Consumer Protection Act ("TCPA"). (*Id.*)

3.     This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4.     Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a) as the United States District Court has original jurisdiction over this case under 28 U.S.C. §§ 1331.

## II. FEDERAL QUESTION JURISDICTION

5.     This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6.     Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7.     Plaintiff's Complaint clearly alleges a violation of the TCPA, a federal consumer protection statute. (*See* Complaint, ¶¶ 40-41.)   Specifically, Plaintiff alleges that Defendant violated 47 U.S.C. § 227(b)(1)(B) which, Plaintiff contends, is a per se violation of the TCPA.

2

1510541 v1

(*Id.*)  The outcome of Plaintiff's claims necessarily hinges on a disputed and substantial federal issue—whether Defendants violated the TCPA. *See Davis v. GMAC Mortgage, LLC*, 2012 WL 860389 (M.D. Ga. Mar. 13, 2012) (finding federal question jurisdiction existed where a state breach of contract claim turned on an interpretation of a federal regulation).  The Supreme Court in *Mims v. Arrow Financial Services, LLL,* held that federal courts have federal question jurisdiction over private TCPA suits.  132 U.S. 740, 747 (2012).

8.      Because Plaintiff has asserted a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331.

### III. ADOPTION AND RESERVATION OF DEFENSES

9.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Florida's rules of civil procedure or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

1510541 v1

IV. <u>PROCEDURAL REQUIREMENTS</u>

10.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11.     True, correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Defendant to date in this case.

12.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.  Defendant accepted service of process on October 23, 2012. Plaintiff did not effectuate service prior to October 23, 2012.

13.     The United States District Court for the Middle District of Florida, Tampa Division, is the court and division embracing the place where this action is pending in state court.

14.     Defendant reserves the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

15.     Contemporaneously with the filing of this Notice of Removal, Defendant has filed a copy of same with the clerk of the Circuit Court for Pinellas County, Florida.  Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

1510541 v2

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for Pinellas County, Florida, to the United States District Court, Middle District of Florida, Tampa Division.

Respectfully submitted,

R. Frank Springfield (Fla. Bar No. 10871)
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringfield@burr.com

Christy Nash (Fla. Bar No. 550541)
BURR & FORMAN LLP
One Tampa City Center
201 North Franklin Street
Suite 3200
Tampa, Florida 33602
Telephone:  (813) 221-2626
Facsimile:  (813) 221-7335
cnash@burr.com

Attorneys for Defendant Santander Consumer USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by directing same to his office address via first class, postage prepaid and properly addressed U.S. mail, on this the 14th day of November, 2012: Jared Michael Lee, Esq., Morgan & Morgan, P.A., One Tampa City Center, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602.

/s/ Christy L. Nash
OF COUNSEL

5

1510541 v1

# Exhibit A

CIRCUIT COURT, PINELLAS COUNTY, FLORIDA

CIVIL DIVISION

CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

## I. CASE STYLE:

LYNN BACHMAN,

    Plaintiff,

-vs-

SANTANDER CONSUMER USA, INC.,

    Defendant.

                             /

1 2 0 1 1 5 4 7 0

CASE NO.: ~ 012

## II. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium

☐ Contracts and indebtedness

☐ Eminent domain

☐ Auto negligence

☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential

☐ Products liability
☐ Real property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more

    ☐ Homestead residential foreclosure $0 - $50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more

    ☐ Non-homestead residential foreclosure $0 - $50,000

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional

☐ Other _____
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
        ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

☐Non-homestead residential foreclosure $50,001 - $249,999
☐Non-homestead residential foreclosure $250,000 or more
☐Other real property actions $0 - $50,000
☐Other real property actions $50,001 - $249,999
☐Other real property actions $250,000 or more

### III. REMEDIES SOUGHT (check all that apply):
X Monetary;
☐Nonmonetary declaratory or injunctive relief;
☐Punitive

### IV. NUMBER OF CAUSES OF ACTION: [   1   ]
(specify) __N/A__

### V. IS THIS CASE A CLASS ACTION LAWSUIT?
☐ yes
X no

### VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
X no
☐yes If "yes," list all related cases by name, case number, and court.

### VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
X yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____     Fla. Bar # 0052284
              Attorney or party                                (Bar # if attorney)

__Jared Michael Lee__                              9-19-12
(Type or print name)                                  Date

# MORGAN & MORGAN®

### Attorneys At Law

SUITE 700
ONE TAMPA CITY CENTER
TAMPA, FL 33602
(813) 223-5505
FAX: (813) 223-5402

September 19, 2012

*15490 79*

Pinellas County Clerk of Court
315 Court Street
Clearwater, FL 33756

                    RE:    Bachman, Lynn vs. Santander          1 2 0 1 1 5 4 7 CI-10

Dear Sir or Madam:

Enclosed please find the following:

        Civil Cover Sheet
        Complaint
        3 Summons
        Self-addressed stamped envelope

Please find the above listed documents and issue the Summons. I have included
my firm check in the amount of $410.00 which represents your filing fee. Once
issued, please return the Summons(es) to my office in the self addressed
stamped envelope enclosed.

Thank you in advance for your assistance in this matter. Should you have any
questions, please feel free to contact either myself or my paralegal, Jason
Placeres.

Sincerely,

Jared Michael Lee, Esquire

JML/jp

---

www.forthepeople.com

ATLANTA, GA   ◆   COLUMBUS, GA   ◆   DAVIE, FL   ◆   DAYTONA BEACH, FL   ◆   FT. MYERS, FL   ◆   JACKSON, MS   ◆   JACKSONVILLE, FL   ◆   KISSIMMEE, FL
MANHATTAN, NY   ◆   MEMPHIS, TN   ◆   NAPLES, FL   ◆   ORLANDO, FL   ◆   ST. PETERSBURG, FL.   ◆   TALLAHASSEE, FL   ◆   TAMPA, FL   ◆   TAVARES, FL   ◆   WINTER HAVEN, FL

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR THE
COUNTY OF PINELLAS, STATE OF FLORIDA CIVIL DIVISION
(CLEARWATER)

LYNN BACHMAN,

    Plaintiff,

                                     CASE NO.:   1 2 0 1 1 5 4 7 6 1

-v-
                                      DIV:  2

SANTANDER CONSUMER USA, INC.,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

       YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint, Interrogatories, Request for Production and Request for Admissions in the above
styled cause upon the Defendant:

                 SANTANDER CONSUMER USA, INC.
                     c/o CT Corporation System
                     1200 South Pine Island Rd.
                     Plantation, FL 33324

       Each Defendant is hereby required to serve written defenses to said Statement of
Claim or petition on Plaintiff's attorney, whose name and address is:

                 JARED MICHAEL LEE, ESQUIRE
                     Of Morgan & Morgan, P.A.
                     One Tampa City Center
                     201 N. Franklin St., 7th Floor
                     Tampa, FL 33602
                     813.223.5505 P
                     813.222.4708 F

within twenty (20) days after service of this Summons upon that Defendant exclusive of the
day of service, and to file the original of said written defenses with the Clerk of said Court
either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to
do so, a default will be entered against that Defendant for the relief demanded in the

Complaint or Petition.

WITNESS my hand and seal of said Court on SEP 2 2 2012 , 2012.

                                        KEN BURKE, Clerk Circuit Court
                                        Clerk of the Circuit Court

(Court Seal)

                              By:
                              Deputy Clerk

---

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days or your receipt of this (describe notice/order) please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD). The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding disabled transportation services.**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR THE
COUNTY OF PINELLAS, STATE OF FLORIDA CIVIL DIVISION
(CLEARWATER)

LYNN BACHMAN,

   Plaintiff,

                                CASE NO.: **1 2 0 1 1 5 4 7 CI**

-v-

                                  DIV: 3

SANTANDER CONSUMER USA, INC.,

   Defendant.

                              DATE: 10-23-12    TIME: 12:00ᵖ

_____/

                     **SUMMONS**      **ERIC DEAL**      **S.P.S. #336**

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint, Interrogatories, Request for Production and Request for Admissions in the above
styled cause upon the Defendant:

               SANTANDER CONSUMER USA, INC.
                   c/o CT Corporation System
                   1200 South Pine Island Rd.
                    Plantation, FL 33324

     Each Defendant is hereby required to serve written defenses to said Statement of
Claim or petition on Plaintiff's attorney, whose name and address is:

               JARED MICHAEL LEE, ESQUIRE
                  Of Morgan & Morgan, P.A.
                   One Tampa City Center
                201 N. Franklin St., 7th Floor
                    Tampa, FL 33602
                    813.223.5505 P
                    813.222.4708 F

within twenty (20) days after service of this Summons upon that Defendant exclusive of the
day of service, and to file the original of said written defenses with the Clerk of said Court
either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to
do so, a default will be entered against that Defendant for the relief demanded in the

Complaint or Petition.

WITNESS my hand and seal of said Court on ___SEP 2 2 2012___, 2012.

KEN BURKE, Clerk Circuit Court
Clerk of the Circuit Court

(Court Seal)

By: _____
Deputy Clerk

---

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Within two (2) working days or your receipt of this (describe notice/order) please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD). The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding disabled transportation services.**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR THE COUNTY OF
PINELLAS, STATE OF FLORIDA CIVIL DIVISION
(CLEARWATER)

LYNN BACHMAN,

    Plaintiff,

-vs-

SANTANDER CONSUMER USA, INC.,

    Defendant.

_____/

CASE NO: 12011547 CI
DIV: 13

## PLAINTIFF'S NOTICE OF SERVING DISCOVERY UPON DEFENDANT

COMES NOW the Plaintiff, LYNN BACHMAN, by and through undersigned counsel and

pursuant to Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure, propounds to Defendant,

SANTANDER CONSUMER USA, INC., the attached Interrogatories, Requests for Production, and

Requests for Admissions to be answered under oath and in writing within forty-five (45) days after

service hereof or as the Court deems.

I HEREBY CERTIFY that a true and correct copy of the above document has been served upon

the Defendant through Service of Process on its Registered Agent.

Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin, St., 7th Floor
Tampa, Florida 33602
813.223.5505 p
813.222.4708 f
FBN: 0052284
Attorneys for the Plaintiff
jlee@forthepeople.com
mgraves@forthepeople.com

1

## RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of Pinellas | Circuit Court |

Case Number: 12 011547 CI

Plaintiff:
**LYNN BACHMAN**
vs.
Defendant:
**SANTANDER CONSUMER USA, INC.**

For:
Jared Lee
Morgan & Morgan, P. A.
201 N. Franklin Street
Tampa, FL  33602

Received by Investigative Services of Tampa on the 23rd day of October, 2012 at 10:20 am to be served on SANTANDER CONSUMER USA, INC. C/O CT CORPORATION, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

I, Eric Deal, do hereby affirm that on the **23rd day of October, 2012 at 12:00 pm, I:**

**CORPORATE:** served the within **Corporation** by delivering a true copy of the **Summons, Complaint, Request For Admissions, Request To Produce, Notice of Serving Interrogatories** with the date and hour of service endorsed thereon by me to **CT Corporation System** as Registered Agent, at **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** pursuant to F.S. 48.081(3).

**Additional Information pertaining to this Service:**

For contact, Donna Moch, Senior Corporate Operations Manager for CT CORP.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served.

Under Penalties of Perjury, I declare I have read the foregoing  document and the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2)

Eric Deal
SPS 336

**Investigative Services of Tampa**
**P.O. Box 272638**
**Tampa, FL 33688**
**(813) 964-9159**

Our Job Serial Number: IST-2012003858
Ref: 3858

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5k