IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR THE
COUNTY OF PINELLAS, STATE OF FLORIDA CIVIL DIVISION
(CLEARWATER)

LYNN BACHMAN,

    Plaintiff,

                                    CASE NO.:

-VS-

SANTANDER CONSUMER USA, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, LYNN BACHMAN, by and through the undersigned counsel, sues the Defendant, SANTANDER CONSUMER USA, INC. (hereinafter "SANTANDER"), and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

3. The alleged violations described in the Complaint occurred in Pinellas County, Florida.

### FACTS COMMON TO ALL COUNTS

4. Plaintiff is a natural person who is allegedly obligated to pay a consumer debt.

5. Defendant is a corporate entity which sought to collect from plaintiff an alleged debt arising from transactions incurred primarily for personal, family, or household purposes and is transacting business in the State of Florida.

6. SANTANDER consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of $1,280.75 on account number ending in 9005.

7. Plaintiff originally had her automobile loan through Citifinancial, however on an unknown date, SANTANDER began collecting from Plaintiff claiming that SANTANDER now owned the account.

8. Plaintiff due to an injury has been unable to work and has filed for disability.

9. Plaintiff called SANTANDER and spoke to unknown representative explaining her limited income due to the previous mentioned injury.

10. What little money Plaintiff is able to make is earned from driving elderly neighbors to the store or to doctor's visits as well as dog sitting for said elderly neighbors.

11. In October 2011, while in the process of dog sitting for one of her employers for a three (3) week duration, Plaintiff received a call from SANTANDER to her cellular telephone attempting to collect October's monthly payment.

12. Wishing to save the minutes on her cell phone, Plaintiff called SANTANDER back from her employer's home phone and explained to the unknown agent of SANTANDER that she was currently dog sitting for an employer. Upon her employer's arrival, Plaintiff would be paid whereupon she would in turn make her October payment to SANTANDER.

13. The following day an unknown agent of SANTANDER called the home number of Plaintiff's employer, a number which Plaintiff had not supplied or given permission for SANTANDER to call. The agent of SANTANDER had no knowledge of the conversation the previous day wherein Plaintiff said she would make her payment upon getting paid. SANTANDER's agent was not interested in Plaintiff's situation and tried to get her to agree to a

wire transfer. Upset at SANTANDER's behavior, Plaintiff explained how there was no money in her account to transfer, that she would pay them when she had the money later that month, and to remove her employer's telephone number from their records.

14. SANTANDER then, without prior permission, attempted to do a check withdrawal from Plaintiff's bank account, due to the bank account not having sufficient funds, the bank charged Plaintiff an overdraft fee of $35.00.

15. SANTANDER then, in quick succession, performed two (2) more attempted check withdrawals, knowing full well there was no money in said account, causing Plaintiff to acquire two more over draft fees.

16. By the time Plaintiff was able to get to her bank to sort out the situation, she owed the bank $179.00 in overdraft fees and additional charges for having an overdrawn bank account.

17. SANTANDER continued to call Plaintiff's employer, who at this time had returned home from her trip.

18. SANTANDER called Plaintiff's employer, Joan Hughes, at least eight (8) times after initially being instructed by Plaintiff to remove said telephone number.

19. Ms. Hughes, upon receiving calls from SANTANDER looking for Plaintiff, would tell SANTANDER's to cease all calls to her.

20. SANTANDER also called Plaintiff's eighty-five (85) year old mother claiming that they needed to get in touch with Plaintiff.

21. SANTANDER additionally called Plaintiff's friend, Barbara Valdes, claiming to need the whereabouts of Plaintiff on March 22, 2012 at 6:00pm and on April 4, 2012 at 11:00am.

22. On November 20, 2011, Plaintiff wrote SANTANDER a letter detailing their deplorable actions, attaching a copy of bank records showing the overdraft fees, and also attached a money order for the October 2011 payment with the amount of overdraft fees deducted from it. Plaintiff

3

also instructed SANTANDER to call no other number for her besides her own personal home phone.

23. On March 29, 2012 at 12:15 p.m., "Denise", a representative of Santander called Joan Hughes leaving a message stating that she was contacting Ms. Hughes as a named reference for Plaintiff.

24. Plaintiff attempted to catalogue and keep track of all of SANTANDER'S calls, however due to such a high volume, she was unable to properly keep track of every single call, below is a small sampling of the harassing onslaught of calls SANTANDER subjected the Plaintiff to:

25. SANTANDER placed automated phone calls to the Plaintiff, including but not limited to the following calls:

26. In December 2011, Plaintiff received telephone calls from SANTANDER on December 2, with two back-to-back calls made at 4:46 p.m., December 5, at 4:33 p.m., December 6 at 8:15 p.m. and 8:18 p.m., December 7 at 4:06 p.m. and 4:25 p.m., December 9 at 9:17 a.m., December 14 at 3:15 p.m., December 19 at 6:20 p.m., December 20 at 4:42 p.m., 7:09 p.m., and 7:17 p.m., December 21 at 2:12 p.m., on December 22 at 3:16 p.m., and December 23 at 9:28 a.m., and 1:48 p.m.

27. In January, 2012, Plaintiff received telephone calls from SANTANDER on January 6 at 9:36 a.m., January 9 at 5:19 p.m., January 11 at 12:54 p.m., January 12 at 12:09 p.m., January 13 at 11:38 a.m., January at 9:37 a.m., 1:42 p.m., 5:42 p.m., and 7:38 p.m., January 15 at 10:50 a.m. and 7:06 p.m., January 16 at 12:53 p.m. and 2:36 p.m., January 17 at 3:49 p.m., 6:38 p.m., and 8:54 p.m., January 18 at 9:41 a.m. and 6:06 p.m., January 19 at 10:34 a.m., January 20 at 9:11 a.m., January 21 at 8:49 a.m. 9:22 a.m., 10:37 a.m., 11:43 a.m., and 12:35 p.m., January 22 at 10:56 a.m., January 23 at 5:11 p.m., 5:12 p.m., 6:51 p.m., 7:40 p.m., 7:42 p.m., 7:52 p.m.,

January 24 at 11:22 a.m., 12:54 p.m., 2:47 p.m., 5:08 p.m. 6:08 p.m., 7:04 p.m., and 7:17 p.m., January 28 at 8:34 a.m., January 30 at 1:21 p.m., and January 31 at 1:17 p.m.

28. In February, 2012, Plaintiff received telephone calls from SANTANDER on February 1at 8:40 a.m., February 2 at 3:51 p.m., February 4 at 8:18 a.m., and 10:31 a.m., February 18 at 8:19 a.m., 8:20 a.m., and 10:31 a.m., February 20 at 6:28 a.m., February 21 at 2:44 p.m., February 22 at 8:04 a.m., February 23 at 1:30 p.m., February 25 at 8:39 a.m., February 27 at 3:13 p.m., 3:45 p.m. and 5:51 p.m., and February 28 at 4:48 p.m.

29. In March 2012, Plaintiff received telephone calls from SANTANDER on March 1 at 11:01 a.m., March 3, at 8:16, 8:19 a.m., and 10:36 a.m., on March 7 at 3:35 p.m. and 4:48 p.m., March 8 at 11: 59 a.m., 1:01 p.m., 3:12 p.m., and 6:02 p.m., On March 9 at 11:28 a.m. and 7:48 p.m., on March 10 at 10:11 a.m., 12:10 a.m., 3:53 p.m., and 5:46 p.m., on March 11 at 10:34 a.m., 2:26 p.m. 5:36 p.m., and 6:26 p.m., March 12 at 10:56 a.m., 2:09 p.m., and 2:13 p.m., March 13 at 11:35 a.m., and 8:48 p.m., On March 14 at 8:28 a.m., 11:27 a.m., 11:54 a.m., 11:55 a.m., and 12:21 p.m., March 17 at 9:37 a.m., 10:32 a.m., 11:42 a.m., 2:23 p.m., and 3:59 p.m., March 18 at 8:57 a.m., 6:13 p.m., March 19 at 9:48 a.m., 1:22 p.m., 3:33 p.m., and 8:57 p.m., March 20 at 11:19 a.m. and 6:18 p.m., March 21 at 11:19 a.m., March 22 at 2:41 p.m. and 4:50 p.m., March 23 at 11:33 a.m. and 1:18 p.m., March 24 at 9:29 a.m., 10:05 a.m., 11:42 a.m., 3:31 p.m. and 5:06 p.m., March 25 at 9:45 a.m., and 5:49 p.m., March 26 three (3) telephone calls, March 27 three (3) telephone calls, March 28 one (1) telephone call, March 29 two (2) telephone calls, and March 30 two (2) telephone calls.

30. In April 2012, Plaintiff received telephone calls from SANTANDER on April 1 one (1) telephone call, April 2 two (2) telephone calls and April 3 one (1) telephone call.

31. Plaintiff never gave SANTANDER her consent to call her cellular telephone.

32. The actions of SANTANDER caused the Plaintiff to suffer from undue stress, embarrassment from having friends and family informed of her situation, and loss of sleep.

33. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

34. All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

Plaintiff re-alleges paragraphs one (1) through thirty-four (34) above and further states:

35. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

36. Defendant has violated Florida Statute §559.72(7) by willfully calling the Plaintiff, Plaintiff's mother, Plaintiff's employer, and Plaintiff's friend, with such frequency as can reasonably be expected to harass the debtor or her family.

37. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct, such as multiple back-to-back bank withdrawals causing overdraft fees, which can reasonably be expected to abuse or harass the debtor.

38. Defendant has violated Florida Statute §559.72(5) by disclosing to a person, including but not limited to, Plaintiff's mother, employer, and friend, information affecting the debtor's reputation.

39. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court

may deem just and proper.

## COUNT II
### (Violation of the Telephone Consumer Protection Act "TCPA")

Plaintiff re-alleges paragraphs one (1) through thirty-four (34) above and further states:

40. Defendant repeatedly placed automated telephone calls to the Plaintiff's cellular telephone without the consent of the Plaintiff and continuing even after consent was expressly denied by the Plaintiff.

41. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice to deliver multiple messages directly after Plaintiff revoked her permission for the Defendant to call her cellular telephone, in express violation of federal law, including 47 U.S.C § 227(b)(1)(B).

**WHEREFORE**, Plaintiff respectfully request judgment be entered against Defendant for damages, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

## COUNT III
### (Intentional Infliction of Emotional Distress)

Plaintiff re-alleges paragraphs one (1) through thirty-four (34) above and further states:

42. Defendant has intentionally inflicted severe emotional distress on the Plaintiff by its outrageous conduct.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant for actual damage, enjoinder from similar conduct, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

_____
Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Florida Bar #: 0052284
Attorney for Plaintiff
jlee@forthepeople.com
mgraves@forthepeople.com

8